IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SHIRLEY PRICE** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 4:04CV123LR**

**LOCKHEED MARTIN CORPORATION and
LOCKHEED MARTIN AERONAUTICAL
SYSTEMS COMPANY** **DEFENDANTS**

**ORDER**

This matter came before the court on the Motion of the EEOC to Quash Subpoena *Duces Tecum* and *ad Testificandum*. A preliminary review of the Motion shows that it is not accompanied by a Certificate of Good Faith, as is required for discovery motions pursuant to Unif. Local R. 37.1(A). Although the parties have exchanged correspondence on the issues raised in the Motion, attachment of those letters to a discovery motion does not satisfy the requirements of Rule 37.1(A). Normally, the omission of such a certificate would result in a denial of the motion without prejudice; however, since the failure to attach the certificate was not discovered until briefing was completed, the court will consider the merits of the Motion.

The basis of this Motion is the Defendants' attempt to compel the production of documents and testimony from the Equal Employment Opportunity Commission concerning charges of discrimination brought by many of the Plaintiffs in these consolidated actions. The EEOC investigated the charges and issued determinations that they "establish[ed] reasonable cause to believe that Charging Part[ies] and other black workers were discriminated against because of their race in violation of Title VII of the 1964 Civil Rights Act." The EEOC is not a party to these actions, which have been brought under a variety of legal theories. However, the Plaintiffs

apparently intend to use the EEOC's determinations as evidence of Lockheed's misconduct. The Defendants seek discovery in order to challenge the credibility of those determinations.

The EEOC initially resisted discovery on grounds that the Commission's Legal Counsel had not authorized it, relying on 29 C.F.R. § 1610.32 and the decision in *United States, ex rel. v. Touhy*, 340 U.S. 462, 467 (1951). The Regulation, which prohibits employees of the Commission from producing any documents or testifying without the permission of the Commission's Legal Counsel, was enacted pursuant to what is known as the "Housekeeping Statute," 5 U.S.C. § 301. That statute permits the head of an agency to prescribe regulations, such as the one at issue here, for the disclosure of its records. The *Touhy* court upheld the validity of the statute, immunizing an agency employee who refused to testify or produce documents based on an order from his superior, stating that the centralization of authority to release records was lawful. 340 U.S. at 469-70.

However, *Touhy*'s rationale was undermined by a decision rendered by the Supreme Court two years later, in which it considered a claim of governmental privilege and noted, "Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." *United States v. Reynolds*, 345 U.S. 1, 9-10 (1953). *Touhy*'s holding was further weakened by a 1958 amendment to the Housekeeping Statute, which added the language, "This section does not authorize withholding information from the public or limiting the availability of records to the public." The Defendants argue that *Touhy* does not stand for the proposition that a federal agency may completely resist discovery efforts, and the court agrees. Therefore, the discovery sought is not prohibited by the requirement that the agency's Legal Counsel must approve its release.

In *Touhy* and *Reynolds*, the government was a party; it is not entirely clear that the rationale of those cases would apply to a lawsuit in which the agency from whom the records are sought is not

a litigant. Some courts have held that the analysis is the same, and, further, that the only recourse for the requesting party is under the Administrative Procedures Act. *See, e.g., Truex v. Allstate Insurance Co.*, 233 F.R.D. 188, 190-91 (D.C.D.C. 2006); *see also Boron Oil Co. v. Downie*, 873 F.2d 67 (4th Cir. 1989) (holding that district court had no jurisdiction to review agency's decision). Other courts disagree. *Exxon Shipping Co. v. United States Dept. of the Interior*, 34 F.3d 774 (9th Cir. 1994).

In *Exxon Shipping*, the oil company, which was involved in litigation related to the *Exxon Valdez* oil spill, sought discovery from five federal administrative agencies – each of which refused to comply. Exxon was forced to file a separate action against these agencies, claiming, *inter alia*, that they had violated the Administrative Procedures Act. The district court found for the agencies on all of the claims; however, the Ninth Circuit reversed. With regard to proceeding under the APA, the court noted, first, that the standard of review of an agency's decision in such a case is whether it was "arbitrary, capricious, an abuse of discretion, or otherwise unlawful." 34 F.3d at 780 n. 11, quoting 5 U.S.C. § 706(2)(A). Thus, requiring a litigant to proceed under the terms of the APA has the effect of permitting the agency head to have discretion over whether to honor a discovery request. *But see Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194 (11th Cir. 1991) (reviewing the denial of discovery as part of the underlying litigation, but using the "arbitrary and capricious" standard). Additionally, the court acknowledged that "collateral APA proceedings can be costly, time-consuming, inconvenient to litigants and may 'effectively eviscerate' any right to the requested testimony." 34 F.3d at 780 n. 11, quoting *In re Recalcitrant Witness Richard Boeh and Daryl Gates*, 25 F.3d 761, 770 n. 4 (9th Cir. 1994) (Norris. J., dissenting). The court concluded that district courts should review subpoena requests as part of the primary litigation, under the general rules of

discovery, and balancing the litigant's need for the information against governmental concerns regarding its resources. *Exxon Shipping*, 34 F.3d at 779; *see also Alex v. Jasper Wyman & Son*, 115 F.R.D. 156, 158-59 (D. Me. 1986) (holding that these competing interests were properly reconciled by requiring production of documents, rather than testimony).

In its brief in support of its Motion to Quash, the EEOC argued that an action under the APA was the Defendants' only recourse for the discovery it sought. After that Motion was filed, however, the agency responded to a corresponding request under the Freedom of Information Act by agreeing to produce documents from the investigative files of the Plaintiffs who filed charges. Having done so, the agency's rebuttal memorandum in support of its Motion to Quash appears to recognize this court's authority to decide this issue without forcing the Defendants to engage in collateral litigation. The EEOC also argues that a balancing test should be employed before requiring EEOC personnel to be deposed. The court agrees that consideration of this issue as part of this litigation is appropriate and finds that a balancing test should be employed, using the familiar standard of Fed. R. Civ. P. 26(b)(2) to determine whether "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

In their opposition to the Motion, the Defendants argued that the only information they sought was factual, as follows:

- **who** the EEOC interviewed during its investigations;
- **who** conducted the investigations;
- the **facts** on which the EEOC based its cause determinations;

- the **documents or testimony** on which the EEOC based its findings of fact included in the determinations;

- the **actions taken** during the investigations by the EEOC;

- the **communications** between the EEOC and witnesses (both from plaintiffs' side and defendant's side); and

- the **dates** on which the investigations were started and finished.

This information would not have been shielded by the deliberative process privilege originally raised by the EEOC, which does not protect purely factual or objective material. *EPA v. Mink*, 410 U.S. 73, 87-89 (1973); *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 881 (5th Cir. 1981). It should be available in the documents produced by the EEOC pursuant to Lockheed's FOIA requests. Balancing the likely disruption to the operations of the agency by requiring deposition testimony against the possibility that the Defendants have already obtained all of the material to which they are entitled, the court holds that deposition testimony will not be required from the EEOC, at least not at this juncture. Therefore, the Motion to Quash will be granted at this time. If, however, a review of the documents that have been provided leads to the conclusion that other non-privileged information, likely to lead to the discovery of admissible evidence, can only be obtained through a deposition, the Defendants may make the appropriate motion to pursue that discovery.

IT IS, THEREFORE, ORDERED that the Motion for the EEOC to Quash Subpoena *Duces Tecum* and *Ad Testificandum* is hereby **granted,** as explained above.

IT IS SO ORDERED, this the 10th day of July, 2006.

S/John M. Roper
UNITED STATES MAGISTRATE JUDGE